hGORBATY, J.,
dissents with reasons.
Being mindful of this Court’s limitations in reviewing credibility calls, I find plaintiffs claims that he saw two NOPD police cruisers pass him by without stopping on the night of this accident difficult to believe.
“[Wjhere documents or objective evidence so contradict a witness’s story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness’s story, the court of appeal may find manifest error even in a finding purportedly based upon a credibility determination.” Rosell v. ESCO, 549 So.2d 840 (La.1989).
I frankly do not believe that two NOPD cruisers passed Mr. Eslaih parked on the shoulder of the road facing the wrong way with his emergency flashers on and did not stop. Adding to my disbelief is the fact that Mr. Eslaih was driven to his house by another cabbie, took the time to eat a sandwich, and called AAA, but did not think to call the NOPD. The totality of the circumstances leads me to disbelieve Mr. Eslaih’s self-serving testimony.
Accordingly, I would reverse the judgment of the trial court, and find that the City of New Orleans has no liability for the incident sued upon.